# United States Court of Appeals for the Fifth Circuit

No. 22-50186
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 10, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Luis Alberto Escobedo-Duenas,

*Defendant—Appellant*,

consolidated with

No. 22-50187

United States of America,

*Plaintiff—Appellee*,

*versus*

Luis Alberto Escobedo-Duena,

*Defendant—Appellant*.

No. 22-50186
c/w No. 22-50187

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:11-CR-296-6
USDC No. 4:21-CR-750-1

Before Jones, Haynes, and Oldham, *Circuit Judges.*

Per Curiam:*

Luis Alberto Escobedo-Duenas appeals his guilty plea conviction and sentence for illegal reentry into the United States under 8 U.S.C. § 1326(a) and (b)(2). He also appeals the district court's order revoking the term of supervised release he was serving at the time of the offense. Because his appellate brief does not raise a challenge to the revocation or the revocation sentence, he abandons any challenge to that order. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

On appeal, Escobedo-Duenas argues that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence above the otherwise-applicable statutory maximum established by § 1326(a) based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. While Escobedo-Duenas acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review. Accordingly, he has filed an unopposed motion for summary disposition.

As Escobedo-Duenas concedes, his argument is foreclosed by *Almendarez-Torres. See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Because summary disposition is appropriate, *see Groendyke Transp.,*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-50186
c/w No. 22-50187

*Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the motion is GRANTED, and the judgments of the district court are AFFIRMED.